[Cite as *McKee v. Dept. of Transp.*, 2011-Ohio-7063.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LARRY MCKEE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-08792-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}   In his complaint, plaintiff, Larry McKee, relates that on April 28, 2011, at approximately 10:20 p.m. on Interstate 71 southbound, he hit a very large pothole "at about mile marker (92)." Plaintiff suffered damage to his tire as a result of the impact.

{¶2}   Plaintiff filed this complaint seeking to recover $342.07, the cost of towing charges and a replacement tire. Plaintiff asserted he incurred these damages as a proximate result of negligence on the part of defendant, Department of Transportation (DOT), in maintaining the roadway. The $25.00 filing fee was paid.

{¶3}   Defendant denies liability in this matter based on the contention that no DOT personnel had any knowledge of the pothole prior to plaintiff's property-damage event. Defendant states the pothole was located near milepost 92.0 on I-71 in Franklin County. Defendant notes that DOT records show ten complaints for I-71; however, "none of them are near the area of plaintiff's incident." Defendant denies receiving any other reports of the damage-causing pothole prior to the time which plaintiff encountered it.

{¶4}    Furthermore, defendant asserts plaintiff has not produced evidence to show DOT negligently maintained the roadway.  Defendant explains that the DOT Franklin County Manager "inspects all state roadways within the county at least two times a month."  Apparently no potholes were discovered at milepost 92.0 on I-71 the last time this roadway was inspected prior to April 28, 2011.  Defendant stated that "[a] review of the six-month maintenance history [record submitted] also reveals that general maintenance and inspection is conducted to ensure a properly maintained roadway."

{¶5}    Plaintiff filed a response and referenced two incidents at or near milepost 92 on I-71 southbound that were investigated by the Ohio State Highway Patrol [copies submitted].  One occurred on April 22, 2011, at approximately 3:35 p.m. when a southbound car hit a pothole in the right lane and lost control, striking three other vehicles before coming to rest in the median.  According to the patrol officer's report, DOT was advised of the event and that a guardrail had been damaged.  The other incident occurred more than a year earlier on March 26, 2010.

CONCLUSIONS OF LAW

{¶6}    Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}    For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is evidence

that defendant most likely had actual notice of the pothole as early as April 22, 2011, according to the patrol officer's report. Even assuming DOT was notified of the damage to the guardrail only, the evidence submitted by plaintiff suggests defendant had constructive notice of the pothole.

{¶8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶10} Plaintiff presented evidence that the highway patrol notified DOT of a four-vehicle accident which resulted when one driver lost control after striking a pothole at or near mile marker 92.0. The court finds that in all likelihood plaintiff struck the same pothole six days later. Based upon the maintenance report included with defendant's investigation report, no pothole patching was reported near milepost 92.0 between April 22 and April 28, 2011. Additionally, the trier of fact finds it is extremely unlikely periodic inspection activity would not have discovered the damage-causing defect on I-71 southbound at some time between April 22, 2011, and April 28, 2011. Thus, the court finds plaintiff has presented sufficient evidence to show that DOT had constructive notice of the pothole he hit.

{¶11} The credibility of witnesses and the weight attributable to their testimony

are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court does not find defendant's assertions persuasive that the roadway was adequately maintained.  Indeed, the trier of fact finds that there is insufficient evidence in the file to prove that the roadway was routinely inspected or that the inspection was adequate.  *Kornokovich v. Ohio Dept. Of Transp.*, Ct. Of Cl. No. 2009-05641-AD, 2009-Ohio-7123.  Conversely, the trier of fact finds that the roadway was not adequately maintained.

{¶12} Negligence in this action has been proven and defendant is liable to plaintiff in the amount of $263.07, plus the $25.00 filing fee costs.[1]  *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

---

[1] Plaintiff indicated in his complaint that he received $80.00 from his auto insurer for roadside assistance reimbursement. See 2743.02(D) which states that "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant."



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LARRY MCKEE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-08792-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $288.07, which includes the filing fee. Court costs are assessed against defendant.

                        DANIEL R. BORCHERT
                        Deputy Clerk

Entry cc:

Larry McKee
2528 Moray Pl.
Lexington, Kentucky 40511

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa

11/3
Filed 11/8/11
Sent to S.C. reporter 4/5/12